IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JESSICA FRYREAR**                                                                               **PLAINTIFF**

VS.                                                    CAUSE NO. 4:22cv112-MPM-DAS

**WASHINGTON COUNTY, MISSISSIPPI,**
**JARRELL EVANS and CEDRICK ADAMS,**
in Their Individual Capacities for State Law
Violations Only                                                 **DEFENDANTS**

                                                                            **JURY TRIAL DEMANDED**

## COMPLAINT

This is an action to recover actual damages against Washington County, Mississippi for the official policy acts of its Sheriff, in violation of the Fourth Amendment of the United States Constitution. Supplemental state law claims are made against individual Defendants Jarrell Evans and Cedrick Adams for the Mississippi law tort of malicious prosecution. Because of good faith immunity, which would prevent discovery, Defendants Evans and Adams are not sued for violation of federal rights. The following facts support this action:

1.

Plaintiff JESSICA FRYREAR is an adult resident citizen of 161 L & W Fish Farm Road, Greenville, Mississippi 38701.

2.

Defendant WASHINGTON COUNTY, MISSISSIPPI is a political subdivision of the State of Mississippi. Defendant County may be served with upon its Chancery Clerk, Marilyn Hansell,

00367693.WPD

at the Washington County Courthouse, Greenville, Mississippi, and upon its Sheriff, Milton M. Gaston, at 903 West Alexander Street, Greenville, Mississippi 38701-3706. Defendant County is sued because of the official policy decisions and official policy acts of its Sheriff.

Defendant JARRELL EVANS is an adult resident of Mississippi. Defendant Evans may be served with process at 903 West Alexander Street, Greenville, Mississippi 38701-3706. Defendant Evans is and, at all relevant times, was a Deputy Sheriff of Washington County, Mississippi. Because of the harsh federal immunity doctrines, Defendant Evans is not sued for violation of federal rights and is sued only for the Mississippi law tort of malicious prosecution. There is no right to stay of discovery for state law violations.

Defendant CEDRICK ADAMS is an adult resident of Mississippi. Defendant Adams may be served with process at 903 West Alexander Street, Greenville, Mississippi 38701-3706. Defendant Adams is and, at all relevant times, was a Deputy Sheriff of Washington County, Mississippi. Because of the harsh federal immunity doctrines, Defendant Adams is not sued for violation of federal rights and is sued only for the Mississippi law tort of malicious prosecution. There is no right to stay of discovery for state law violations.

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. § 1343, for Plaintiff's claim of Fourth Amendment violations by Washington County, Mississippi, through the policy decisions of its Sheriff. This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) for Plaintiff's state law claim. This action is authorized by 42 U.S.C. § 1983. At all relevant times, Defendants acted under color of state law.

4.

On July 19, 2017, Mr. Frederick Formigioni was murdered in his home in Washington County, Mississippi, in the Greenville Division of the Northern District of Mississippi. The most likely suspects for the murder were Formigioni's purported girlfriend, Christy Moore, who was living with Formigioni at the time, and Moore's brother, Donnie Williams. Williams had a motive for the murder of Formigioni because Formigioni had terminated Williams from his employment as a farmhand. Although Moore was living with Formigioni and claiming to be his girlfriend, she was also engaged in sexual relationships with several other men. Moore, who was present in the home at the time of the murder, claimed that an unknown black male came to the door that night and shot Formigioni in the hallway inside the home. Criminal discovery revealed possible gunshot residue on the person of Moore. Moore gave conflicting statements about how the murder had occurred.

5.

On the night of the murder, all of Washington County's investigators and several of its Deputy Sheriffs, totaling ten (10) Washington County law enforcement officers responded to the murder scene, but Sheriff Gaston did not.

6.

According to documents generated in criminal discovery, Defendant Adams was the lead investigator. However, criminal documents are dominated by Defendant Evans to such an extent that they indicate that Defendant Evans was the *de facto* lead investigator. The Sheriff had delegated full polity-making decisions over the investigation to Defendant Evans or, alternatively, to both Defendants Evans and Adams, jointly.

7.

On October 24, 2017, one Lisa Latham was a prisoner in the Washington County Jail. Under pressure from Defendant Evans (or from law enforcement), Latham told Defendant Evans that April Miller was involved in the murder of Formigioni. According to criminal discovery, Latham stated that the persons who were involved in the murder were April Miller, Donnie Williams, and Christy Moore. Based upon Latham's statement, Defendant Evans obtained an oral statement from Miller on or about October 27, 2017. At the time Miller gave her oral statement, according to her sworn testimony at the subsequent criminal trial, she was coming off drugs and was not in her "right state of mind."

8.

After obtaining Miller's statement, which placed Plaintiff and two (2) individuals named Roderick Payne and Eugene Sanders near the crime scene, Defendants placed pressure upon Latham to identify Plaintiff, along with Payne and Sanders, who had been named by Miller, as the murderers. Latham refused to make these false identifications. At trial, Latham persisted in her refusal to make these false identifications. This resulted in a pattern of needless stopping, threatening, and harassing Latham causing her to become so frightened that she left the State of Mississippi.

9.

Notwithstanding that it had no evidence against Plaintiff, other than what Miller had allegedly stated, Defendant Adams executed a criminal affidavit against Plaintiff on October 30, 2017, and Defendants obtained an Indictment against her on June 18, 2019. *See* Indictment, attached hereto as Exhibit "A." Plaintiff was arrested on October 30, 2017, and remained continuously in the Washington County Jail until August 9, 2020, when her bond was finally reduced, to permit her

release. On July 23, 2021, a jury found Plaintiff and her co-defendants, Payne and Sanders, not guilty.

10.

Defendant Evans and Adams knew that there was no probable cause for Plaintiff's arrest, Indictment, and three (2) years, nine (9) months' confinement. The reasons for the lack of probable include, but are not limited to:

- A. According to testimony of Miller given at the criminal trial, Defendant Evans had questioned Miller on many occasions about different instances in which Miller was stealing. Defendant Evans, and probably Defendant Adams, who was actively participating in the investigation, knew that Miller was not honest.

- B. Defendants Evans and Adams knew Miller was a drug addict. At the criminal trial, Miller testified that on the night of the murder of Formigioni, she was high on drugs. Miller further testified at the criminal trial that at the time she spoke with law enforcement officers and claimed Plaintiff was at the scene, that she was not in her "right state of mind."

- C. Miller had a sexual relationship with Defendant Evans. *See* Affidavit of Connie Raymond, attached hereto as Exhibit "B." Because of his sexual relationship with Miller, Defendant Evans could not have viewed her as an impartial witness but, rather, as a witness who would yield to whatever Defendant Evans wanted her to say.

- D. The basis of the charge of capital murder was Miller's statement allegedly given to Defendants Evans and Adams to the effect that Miller and two (2) other named black males, Payne and Sanders, had picked Plaintiff up on the night of the murder and had gone to the home of Formigioni. According to Miller's purported statement to law enforcement officers and at the trial of the case, Miller and Plaintiff sat in the car and the two (2) male suspects went into the residence of Formigioni, at which time Miller claimed she heard a single shot. Defendants Evans and Adams knew that the statement about a single shot could not have been true since physical evidence had demonstrated that there were two (2) shots fired.

- E. Defendants Evans and Adams also knew that it was unlikely Plaintiff would have been voluntarily riding with Miller because, although Miller and

        Plaintiff had once lived together, Miller and Plaintiff were at odds and were not on a speaking terms. Miller had blocked Plaintiff from her Facebook account.

F.       The other two (2) persons whom Miller claimed were involved in the murder, like Plaintiff, all had exonerating alibis as to where they were at the time of the murder.

G.      Defendants Evans and Adams themselves, and other officers, comprised a one hundred one (101) page investigation about the murder, but failed to find any evidence whatsoever corroborating Miller's statements that Plaintiff was near the scene of the murder or assigning any reason as to why Plaintiff would have murdered or participated in the murder of Formigioni, whom she did not even know. Even Miller, herself, claimed only that Plaintiff was a passenger in the vehicle on the night of the murder, and never claimed that she had participated in the murder, which was charged to be capital murder, even though Miller testified at trial there was no robbery or other grounds for charging capital murder.

11.

Based solely upon the known unreliable statement of Miller, Defendant Adams executed a criminal affidavit charging Plaintiff with capital murder on October 30, 2017, resulting in Plaintiff's arrest that same day. Relying upon the same unreliable evidence, Defendants Evans and Adams caused a Grand Jury to indict Plaintiff. At the time of their presentation both to the judge who issued the arrest warrant and to the Grand Jury, Defendants Evans and Adams knew, but did not disclose, that Miller was a drug addict, was having sex with Defendant Evans, and was a known thief.

12.

Although the Grand Jury returned an Indictment, attached hereto as Exhibit "A," it did not have full and complete information before it because it was never divulged that the sole basis for the charge was Miller's testimony and that Miller was a known drug addict, a known thief, and had a

sexual relationship with Defendant Evans. With this material information, there would probably have been no Indictment.

13.

At Plaintiff's trial, no evidence was introduced that Plaintiff was near the scene of the murder except for the testimony of Miller, who testified only that she and Plaintiff had been in a vehicle when two (2) other persons had gone into the Formigioni home on the night of the murder. Miller claimed at the trial that she had heard a single shot, contradicting the known physical evidence, that there were two (2) shots. In addition to her testimony at trial, Miller appeared to be high at the time of trial, as she was when Plaintiff's investigator interviewed her prior to the filing of this Complaint. As would be expected when there was no reliable evidence, Plaintiff was speedily acquitted, as were the other defendants.

14.

In order to establish probable cause, the Fourth Amendment requires informant Miller be reliable and statements she gives be reliable. To the contrary, Defendants Adams and Evans knew Miller was not reliable.

15.

Defendants Evans and Adams are liable to Plaintiff for the state law tort of malicious prosecution. Defendants Evans and Adams, primarily Defendant Evans, initiated the prosecution without probable cause. There was malice because of the lack of probable cause and because Defendants Evans and Adams were looking for someone to arrest for a murder and not because they had any reliable evidence. Plaintiff was acquitted by a jury on July 23, 2021. *See* Jury and Verdict of Not Guilty, attached hereto as Exhibit "C."

16.

Defendant County is jointly liable, along with Defendants Evans and Adams because it is liable for the law enforcement acts of its Sheriff. Defendant County is liable under 42 U.S.C. § 1983 for a Fourth Amendment violation, since the Sheriff's official policies were a motivating factor of Plaintiff's arrest. The Sheriff of Washington County is the official law enforcement policymaker of Defendant County. Consistent with the Sheriff's custom and policy, he was willfully indifferent to the right of citizens by failing to train his deputies, that they must have a reliable informant in order for the informant's statements to constitute probable cause, and because the Sheriff was willfully indifferent to the rights of arrestees by failing to make any reasonable investigation whatsoever into this case, and by failing to train Defendants Adams and Evans that they must have probable cause.

17.

Even though the Sheriff was the official county law enforcement policymaker, he delegated to Defendants Evans and Adams full authority over the investigation, thus allowing them to become the official policymakers for the County when performing the investigation and making the decision to maliciously prosecute Plaintiff without probable cause.

18.

Plaintiff has suffered substantial mental anxiety and stress from being confined in the jail for nearly three (3) years.

19.

Defendants are liable to Plaintiff as follows:

Count I: Defendants Evans and Adams, in their individual capacities, are liable to Plaintiff for malicious prosecution in violation of state law.

Count II: Defendant County is liable for violation of the Fourth Amendment of the United States Constitution, a violation which was caused by official policies of the Sheriff in being willfully indifferent to citizens being arrested without probable cause and for making the policy decision to give no training whatsoever on the necessity of having reliable information before making a criminal charge.

Count III: Defendant County is liable because the Sheriff delegated to Defendants Evans and/or Adams the official authority to arrest, investigate, and prosecute Plaintiff, notwithstanding the absence of probable cause.

## REQUEST FOR RELIEF

Plaintiff requests actual and punitive damages against Defendants Evans and Adams, and actual damages against Defendant County in an amount to be determined by a jury. Plaintiff also requests reasonable attorneys' fees pursuant to 42 U.S.C. § 1988, and costs.

RESPECTFULLY SUBMITTED, this the 22nd day of July, 2022.

               JESSICA FRYREAR, Plaintiff

       By:  */s/ Jim Waide*
           Jim Waide, MS Bar No. 6857
           waide@waidelaw.com
           WAIDE & ASSOCIATES, P.A.
           332 North Spring Street
           Tupelo, MS 38804-3955
           Post Office Box 1357
           Tupelo, MS 38802-1357
           (662) 842-7324 / Telephone
           (662) 842-8056 / Facsimile

           ATTORNEY FOR PLAINTIFF

STATE OF MISSISSIPPI
COUNTY OF Washington

PERSONALLY came and appeared before me, the undersigned authority in and for the aforesaid jurisdiction, the within named JESSICA FRYREAR, who, after being first duly sworn, states under oath that the facts contained in the above and foregoing COMPLAINT are true and correct as stated therein.

_____
JESSICA FRYREAR

GIVEN under my hand and official seal of office on this the 20 day of July, 2022.

(SEAL)

_____
NOTARY PUBLIC

My Commission Expires: Aug 6, 2022

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 124958
RENEE G. PARKERSON
Commission Expires
Aug. 6, 2022
WASHINGTON COUNTY