IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

| | |
|---|---|
| JESSICA FRYREAR | PLAINTIFF |
| v. | CAUSE NO. 4:22-CV-112-MPM-DAS |
| WASHINGTON COUNTY, MISSISSIPPI<br>JARRELL EVANS and CEDRICK ADAMS,<br>In Their Individual Capacities for State Law<br>Violations Only | DEFENDANTS |

## WASHINGTON COUNTY, MISSISSIPPI'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

**NOW COMES**, Defendant, Washington County, Mississippi, by counsel, and respectfully files its Answer and Affirmative Defenses in response to the Complaint filed herein by Plaintiff, as follows:

### FIRST DEFENSE

Answering Defendant specifically asserts and invokes all the privileges set forth in *Fed. R. Civ. P.* 12(b)(1)-(7) for which a good faith, legal, and/or factual basis exists or may exist.

### SECOND DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted, in whole or in part.

### THIRD DEFENSE

Plaintiff's Complaint should be dismissed on the grounds of applicable statute of limitations, *res judicata*, collateral estoppel, laches, waiver, contributory negligence, Act of God, accord and satisfaction, failure to mitigate, lack of standing, release, estoppel, and/or the doctrine of unclean hands.

## FOURTH DEFENSE

To the extent applicable, Plaintiff's claims are barred by the doctrines of collateral, equitable, and/or judicial estoppel.

## FIFTH DEFENSE

To the extent the Plaintiff has failed to comply with her duty to mitigate her request for damages, the entitlement to which is expressly denied, such damages must be reduced.

## SIXTH DEFENSE

Answering Defendant is protected by and invokes all the immunities granted by judicial, common law, and statutory sovereign immunity, absolute, course and scope from suit, and/or liability and/or damages.

## SEVENTH DEFENSE

Answering Defendant alleges that it and its employees at all times acted within the law and due care and that it and its employees are not guilty of acts or omissions which either caused or contributed to the incident in question.

## EIGHTH DEFENSE

To the extent that the Plaintiff seeks special damages, such damages have not been specifically stated.

## NINTH DEFENSE

Defendant is entitled to an award of attorney's fees because this action is vexatious and was brought in bad faith.

## TENTH DEFENSE

This Defendant pleads all statutory damage caps, to the extent those are applicable here.

**ELEVENTH DEFENSE**

Plaintiff's alleged injuries were not caused by a policy or custom of Washington County. Therefore, there is no municipal liability under federal law.

**TWELFTH DEFENSE**

Once this Court dismisses Washington County, it should abstain from hearing the remainder of the Plaintiff's claims, allegations, and/or requested remedies.

**THIRTEENTH DEFENSE**

Answering Defendant reserves the right to assert any defenses that discovery may reveal are appropriate and incorporates herewith by reference any affirmative defenses invoked by any other defendant applicable to it.

**FOURTEENTH DEFENSE**

The injuries/damages allegedly sustained by Plaintiff are the direct proximate result of her own conduct for which she is responsible to the exclusion of this Defendant, and therefore, the Complaint should be dismissed.

**FIFTHEENTH DEFENSE**

To the extent that the Plaintiff did not exhaust her administrative remedies under federal law for some or all of her allegations, claims, or theories, those allegations, claims, or theories may not be pursued in this action.

## SIXTEENTH DEFENSE

**AND NOW,** having asserted its affirmative defenses to the Complaint filed herein, and without waiving any such defenses, Defendant Washington County, Mississippi answers the allegations of Plaintiff's Complaint as follows:

1. The factual allegations in this paragraph do not appear to be directed to this Defendant, and as such, no reply is required. To the extent that it is, Defendant is without information to admit or deny this paragraph, so it is denied.

2. Defendant admits that it is a political subdivision and may be served by serving its Chancery Clerk or its Sheriff. All other allegations not admitted herein are denied.

3. Defendant denies the allegations in this paragraph as stating legal conclusions and further denies that the Plaintiff is entitled to any relief.

4. Defendant admits that Frederick Formigioni was murdered in his home in Washington County, Mississippi on July 19, 2017. All other allegations in this paragraph are denied.

5. Denied.

6. Denied.

7. Admitted that April Miller confessed that she was involved in Frederick Formigioni's murder and admitted that April Miller gave an oral statement in

-4-

which she confessed to the murder of Frederick Formigioni. All other allegations in this paragraph are denied.

8. Admitted that April Miller confessed that she, the Plaintiff, and Roderick Payne and Eugene Sanders murdered Frederick Formigioni. All other allegations in this paragraph are denied.

9. Admitted that April Miller confessed that she, the Plaintiff, and Roderick Payne and Eugene Sanders murdered Frederick Formigioni. *See* Ex. "A" Amended Guilty Plea of April Miller. Admitted that based on April Miller's confession, Investigator Adams executed a criminal affidavit. *See* Ex. "B" Probable Cause Affidavit. Admitted that on July 23, 2021, a jury found Plaintiff, Payne, and Sanders not guilty. All other allegations in this paragraph are denied.

10. Denied.

11. Denied.

12. Admitted that a Grand Jury returned an Indictment against the Plaintiff which was attached to the Complaint as Exhibit "A". All other allegations in this paragraph are denied.

13. Admitted that April Miller confessed that she and the Plaintiff went to Frederick Formigioni's home with Payne and Sanders for the express purpose of robbing and murdering him. *See* Ex. "B" Probable Cause Affidavit. All other allegations in this paragraph are denied.

14. Denied.

15. The allegations of this paragraph are not directed at this Defendant; therefore, no response is required. To the extent that it is, the allegations are denied.

16. Admitted that the Sheriff of Washington County is the official law enforcement policy maker for this Defendant. All other allegations in this paragraph are denied.

17. Denied.

18. Denied.

19. Denied, including subparagraphs Count I, II, and III.

## REQUEST FOR RELIEF

In response to the unnumbered paragraph beginning "Plaintiff requests", the allegations and demands for relief are denied.

**AND NOW, HAVING FULLY ANSWERED** and asserted its Affirmative Defenses, Defendant Washington County, Mississippi prays that this Court grant the following relief:

(A) That this Court dismiss Plaintiff's Complaint with prejudice, based upon each and all of the aforesaid Affirmative Defenses;

(B) That this Court deny Plaintiff the relief prayed for in Plaintiff's prayer for relief, and that Plaintiff be denied any relief whatsoever; and,

(C) That this Court award this Defendant its attorney fees, costs and expenses associated with the defense of the frivolous instant civil action pursuant to *Fed. R. Civ. Proc.* 11, and 42 U.S.C. §1988.

**RESPECTFULLY SUBMITTED** this the 24th day of October, 2022.

                                    **JACKS GRIFFITH LUCIANO, P.A.**

                                    By: /s/ ***Arnold U. Luciano***
                                            Arnold U. Luciano, MS Bar No. 99198
                                            Bethany A. Tarpley, MS Bar No. 104134
                                            Attorneys for Defendant Washington County, Mississippi

Of Counsel:

**JACKS GRIFFITH LUCIANO, P.A.**
150 North Sharpe Avenue
P. O. Box 1209
Cleveland, MS 38732
Telephone: 662-843-6171
Facsimile: 662-843-6176
Email: aluciano@jlpalaw.com
       btarpley@jlpalaw.com

## CERTIFICATE OF SERVICE

      I, Arnold U. Luciano, attorney of record for Defendant, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Answer and Affirmative Defenses* to be delivered by the ECF Filing System which gave notice to the following:

Jim Waide, Esq.
Waide & Associates, P.A.
P.O. Box 1357
Tupelo, MS 38802
Email: waide@waidelaw.com
**Attorneys for Plaintiff**

William Robert Allen, Esq.
Katelyn A. Riley, Esq.
Allen, Allen, Breeland & Allen, PLLC
P.O. Box 751
Brookhaven, MS 39602
Email: wallen@aabalegal.com
      kriley@aabalegal.com
**Attorneys for Jarrell Evans and Cedrick Adams, Individually**

Willie Griffin, Esq.
Bailey & Griffin
P.O. Box 189
Greenville, MS 38702
Email: wgriffinlawyer@aol.com
**Attorney for Defendants**

**DATED** this 24th day of October, 2022.

                              /s/ *Arnold U. Luciano*
                              Arnold U. Luciano