## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

JESSICA FRYREAR                                          **PLAINTIFF**

VS.                          **CAUSE NO.: 4:22-cv-00112-MPM-DAS**

**WASHINGTON COUNTY, MISSISSIPPI,**
**JARRELL EVANS and CEDRICK ADAMS**
**in Their Individual Capacities for State Law**
**Violations Only**                                **DEFENDANTS**

### JARRELL EVANS AND CEDRICK ADAMS'S
### ANSWER TO PLAINTIFF'S COMPLAINT

Come now, Defendants, Jarrell Evans and Cedrick Adams, by and through counsel, and in response to Plaintiff's Complaint (*CM/ECF Doc. No. 1*), would show unto the Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which any relief may be granted and, therefore, pursuant to Fed. R. Civ. P. 12(b)(6), the same should be dismissed.

### SECOND DEFENSE

Plaintiff's Complaint fails to state facts against the answering defendants which would rise to the level of a constitutional or statutory deprivation under the laws of the United States, the Constitution of the United States, the laws of Mississippi, or the Constitution of Mississippi.

### THIRD DEFENSE

Jarrell Evans and Cedrick Adams are entitled to qualified immunity in this matter. More specifically, Evans and Adams would affirmatively assert that Plaintiff's Complaint

fails to allege a violation of a clearly established constitutional right and, at all times, their conduct was objectively reasonable.

## FOURTH DEFENSE

Answering defendants specifically assert and invoke all defenses available to them as set forth in Fed. R. Civ. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist.

## FIFTH DEFENSE

Insofar as any state law claims are concerned, answering defendants invoke each and every privilege, immunity, restriction and/or limitation of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, *et seq.*, including, but not limited to, the provisions outlined in Sections 11-46-3, 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13 and 11-46-15.

## SIXTH DEFENSE

Answering defendants deny that they have been guilty of any actionable conduct.

## SEVENTH DEFENSE

### ADMISSIONS AND DENIALS

And now, without waiving any defenses heretofore or hereinafter set forth, the answering defendants respond to Plaintiff's Complaint, paragraph by paragraph, as follows:

### COMPLAINT

1.     Answering defendants admit, upon information and belief, the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.      The allegations of paragraph 2 of Plaintiff's Complaint concern a defendant other than answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 2 of Plaintiff's Complaint, as stated.

As for the unnumbered paragraph which commences, "Defendant JARRELL EVANS…," answering defendants admit that at all relevant times, Evans was an employee of Washington County Sheriff's Department in Greenville, Mississippi and acting in the course and scope of his employment. Answering defendants further admit Evans is sued only under state law. Answering defendants deny the remaining allegations of this paragraph as they pertain to answering defendants.

As for the unnumbered paragraph which commences, "Defendant CEDRICK ADAMS…," answering defendants admit that at all relevant times, Adams was an employee of Washington County Sheriff's Department in Greenville, Mississippi and acting in the course and scope of his employment. Answering defendants further admit Adams is sued only under state law. Answering defendants deny the remaining allegations of this paragraph as they pertain to answering defendants.

3.      Without waiving any limitations, restrictions, defenses or immunities, answering defendants admit this Court has jurisdiction as Plaintiff asserts a federal claim. Answering defendants deny the remaining allegations of Plaintiff's Complaint.

4.      Answering defendants admit that on or about July 19, 2017, Formigioni was murdered. Answering defendants lack information sufficient to make a determination as

to the truth of the remaining allegations of paragraph 4 of Plaintiff's Complaint and, as such, deny the same.

5.     Answering defendants admit that Washington County law enforcement officers were on the scene after the murder. Answering defendants deny the remaining allegations of paragraph 5 of Plaintiff's Complaint.

6.     Answering defendants deny the allegations of paragraph 6 of Plaintiff's Complaint, as stated.

7.     Answering defendants deny the allegations of paragraph 7 of Plaintiff's Complaint, as stated.

8.     Answering defendants deny the allegations of paragraph 8 of Plaintiff's Complaint, as stated.

9.     Answering defendants admit that on or about October 30, 2017, Plaintiff was arrested and remained in the Washington County Jail until August 9, 2020. Answering defendants further admit that on June 18, 2019, the Plaintiff was indicted, and on July 23, 2021, found not guilty. Answering defendants would state that Exhibit A speaks for itself. Answering defendants deny the remaining allegations of paragraph 9 of Plaintiff's Complaint, as stated.

10.     Answering defendants deny the allegations of paragraph 10 of Plaintiff's Complaint, including subparagraphs A-G.

11.     Answering defendants deny the allegations of paragraph 11 of Plaintiff's Complaint, as stated.

12.     Answering defendants would state that Exhibit A speaks for itself. Furthermore, answering defendants admit Plaintiff was indicted by a duly empaneled Grand Jury.  Answering defendants deny the remaining allegations of paragraph 12 of Plaintiff's Complaint.

13.     Answering defendants deny the allegations of paragraph 13 of Plaintiff's Complaint, as stated.

14.     Answering defendants would state that Fourth Amendment jurisprudence speaks for itself. Answering defendants deny the allegations of paragraph 14 of Plaintiff's Complaint.

15.     Answering defendants would state that Exhibit C speaks for itself. Answering defendants deny the remaining allegations of paragraph 15 of Plaintiff's Complaint.

16.     The allegations of paragraph 16 of Plaintiff's Complaint concern defendants other than answering defendants and, as such, a response is not necessary. To the extent that a response is deemed necessary, answering defendants deny the allegations of paragraph 16 of Plaintiff's Complaint.

17.     The allegations of paragraph 17 of Plaintiff's Complaint concern defendants other than answering defendants and, as such, a response is not necessary. To the extent that a response is deemed necessary, answering defendants deny the allegations of paragraph 17 of Plaintiff's Complaint.

18.     Answering defendants deny the allegations of paragraph 18 of Plaintiff's Complaint.

19.     Answering defendants deny the allegations of paragraph 19 of Plaintiff's Complaint, including subparagraphs Count I – Count III.

## REQUEST FOR RELIEF

As for the unnumbered paragraph which commences "Plaintiff requests…," answering defendants deny each and every allegation contained therein and would affirmatively aver that Plaintiff is not entitled to any relief whatsoever.

## EIGHTH DEFENSE

Answering defendants are protected by and invokes all the immunities granted by judicial, common law, and statutory sovereign immunity.

## NINTH DEFENSE

Answering defendants aver that they have met or exceeded the requirements of law and due care and that they are guilty of no acts or omissions which either caused or contributed to the incidents in question.

## TENTH DEFENSE

Answering defendants allege that Plaintiff's claims are barred by the applicable statute of limitations, *res judicata*, collateral estoppel, laches, waiver, contributory negligence, accord and satisfaction, lack of standing, release, and/or estoppel.

## ELEVENTH DEFENSE

Plaintiff is not entitled to recover any enhanced, punitive, or exemplary damages, as provided by Miss. Code Ann. § 11-46-15 insofar as any state court claims are concerned.   Additionally, answering defendants would affirmatively state that the Plaintiff is not entitled to recover enhanced, punitive, or exemplary damages, the same

being violative of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States and Article III, Section 14 of the Constitution of the State of Mississippi, inclusive of, but not necessarily limited to, the following separate and several grounds:

(a)    The procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(b)    The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(c)    The procedures fail to provide a limit on the amount of the award against the defendant.

(d)    The procedures fail to provide specific standards for the amount of the award of punitive damages.

(e)    The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(f)    The procedures permit multiple awards of punitive damages for the same alleged act.

(g)    The procedures fail to provide a clear consistent appellant standard of review of an award for punitive damages.

(h)    The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(i)    The standard of conduct upon which punitive damages are sought is vague.

## TWELTH DEFENSE

Answering defendants assert and invoke 42 U.S.C. 1997e(a)-(h) to the extent applicable.

## THIRTEENTH DEFENSE

Answering defendants invoke *Heck v. Humphrey*, 512 U.S. 477 (1994), as a defense to the extent it is applicable to any of Plaintiff's claims.

## FOURTEENTH DEFENSE

Any allegation contained in the Complaint which is not specifically admitted, is hereby denied.

## FIFTHTEENTH DEFENSE

Answering defendants reserve the right to add additional defenses as the same become known during the course of discovery of this cause.

And now, having answered the Complaint filed against them, the answering defendants request that the same be dismissed and discharged with costs assessed against the Plaintiff.

**DATE:**       **October 24, 2022.**

Respectfully submitted,

**JARRELL EVANS AND
CEDRICK ADAMS**

By:       */s/ Katelyn A. Riley*
          One of Their Attorneys

WILLIAM R. ALLEN (MSB # 100541)
KATELYN A. RILEY (MSB # 105115)
Allen, Allen, Breeland & Allen, PLLC
P. O. Box 751
Brookhaven, MS 39602-0751
Tel. 601-833-4361
Fax 601-833-6647
wallen@aabalegal.com
kriley@aabalegal.com

## **CERTIFICATE**

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, one of the attorneys for

defendants, Jarrell Evans and Cedrick Adams, hereby certify that on this day, I electronically

filed the foregoing Answer to Plaintiff's Complaint, with the Clerk of the Court using the ECF

system which gave notification of the same to the following:

> Jim Waide, Esq.
> WAIDE & ASSOCIATE, P.A.
> P. O. Box 1357
> Tupelo, MS 38802-1357
> waide@waidelaw.com
> *Attorney for Plaintiff*

> Daniel J. Griffith, Esq.
> Arnulfo Ursua Luciano, Esq.
> JACKS GRIFFITH LUCIANO, P.A.
> P.O. Box 1209
> Cleveland, MS 38732-1209
> dgriffith@jlpalaw.com
> alucianao@jlpalaw.com

> Willie Griffin, Esq.
> BAILEY & GRIFFIN
> P.O. Box 189
> Greenville, MS 38702-0189
> wgriffinlawyer@AOL.com
> *Attorneys for Defendant, Washington County, MS*

This the 24th day of October, 2022.

/s/ Katelyn A. Riley
OF COUNSEL