**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**JESSICA FRYREAR**                                              **PLAINTIFF**

**v.**                                              **CAUSE NO. 4:22-CV-112-MPM-DAS**

**WASHINGTON COUNTY, MISSISSIPPI**
**JARRELL EVANS and CEDRICK ADAMS,**
**In Their Individual Capacities for State Law**
**Violations Only**                                                  **DEFENDANTS**

## WASHINGTON COUNTY, MISSISSIPPI'S MEMORANDUM OF AUTHORITIES IN SUPPORT OF ITS MOTION TO STAY

**COMES NOW** Defendant, WASHINGTON COUNTY, MISSISSIPPI ("the County" hereinafter), by and through counsel, and respectfully submits authority supporting a stay pending disposition of the County's Motion for Judgment on the Pleadings **[Doc. 19]**.

    **1.**     **BACKGROUND:**

The Plaintiff, Jessica Fryrear, was arrested and tried for the murder of Frederick Formigioni, which occurred in Washington County. Fryrear was arrested and tried because April Miller confessed that she, Jessica Fryrear, Eugene Sanders, and Roderick Payne were all involved in the crime. At her trial, Fryrear was found not guilty. For her part, Miller pled guilty to the crime.

Fryrear now sues Washington County for a Fourth Amendment violation alleging that there was not probable cause to arrest her based solely on Miller's confession. She also raises a state law claim of malicious prosecution against the two (2) individual defendants.

The County has moved to dismiss all the claims against it, including Plaintiff's failure to state a claim under *Monell,* an immunity-based legal theory. A stay now will save judicial resources and the County time and un-necessary legal expense.

2. **IMMUNITY BASED RELIEF:** Under *Monell v. Department of Social Services,* 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), government officials sued in their official capacities are "persons" for purposes of §1983. However, ***Monell limits immunity*** to local and municipal entities only to the extent that "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by those whose acts may fairly represent official policy." *Id.* at 690. By raising *Monell,* a dispositive immunity issue is before the Court.

3. **LOCAL RULE AUTHORITY:** Pursuant to *L.R.* 16(b)(3)(C), this Defendant requests that this Court stay the attorney conference, disclosure requirements, and all discovery now before the Court.

4. **JUDICIAL ECONOMY:** Additionally and alternatively, it has long been recognized that "[a] trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."[1] Courts may stay discovery pending a ruling on a motion to dismiss where "(1) such motions are decided on the content of the complaint only, without regard to facts obtained during discovery; and (2) the motion, if granted, would dispose of the case, thus avoiding the effort and expense of discovery."[2] A motion for judgment on the pleadings under Rule 12(c) may trigger the stay in the same way as a Rule 12(b)(6) motion.[3]

*Federal Rule of Civil Procedure* 26(c) provides that a court "may, for good cause shown, issue an order to protect a party or person from ... undue burden or expense." "Good cause may

---

[1] *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

[2] *Vanderlan v. Jackson HMA, LLC*, 2017 U.S. Dist. LEXIS 210726 *2 (S. D. Miss. Dec. 22, 2017)(quoting *Dowdy & Dowdy P'ship v. Arbitron, Inc.*, 2010 U.S. Dist. LEXIS 108798, at *1 (S.D. Miss. Sept. 30, 2010).

[3] *FDIC v. Morgan Stanley & Co. LLC*, 2012 U.S. Dist. LEXIS 196601, *4 (S.D. Tex. Oct. 30, 2012)(citing *Gardner v. Major Auto. Cos.*, 2012 U.S. Dist. LEXIS 51821, 2012 WL 1230135, *4 (E.D.N.Y. Apr. 12, 2012)).

be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced."[4]

5. **SUPPORTING RATIONALE:** In addition to its municipal immunity defense, a stay of discovery is warranted in this case because the County's pending dispositive motion can be decided on the fact of the Complaint and, if granted, could terminate the litigation.[5] If this Court decides that probable cause to arrest Fryrear existed, then this litigation will be terminated. The existence of probable cause forecloses both the Fourth Amendment claim against Washington County and the state law based malicious prosecution claims against the individual defendants.[6] If this Court determines that the federal claim against Washington County should not proceed, then the only remaining claims will be state law claims against the individual defendants, which may better be addressed in a state court.

The stay of discovery will not be lengthy, as it will only be in effect until this Court rules on the pending motion to dismiss.

Additionally, *L.R.* 16(b)(3)(C) mandates a stay should be had of all discovery as the County is asserting an immunity defense:

"Filing a motion to compel arbitration, or a motion asserting an immunity defense or jurisdictional defense stays the attorney conference and disclosure requirements and all discovery, pending the court's ruling on the motion… "

---

[4] *Vanderlan*, 2017 U.S. Dist. LEXIS 210726 *2 (*citing Dowdy & Dowdy P'ship*,, 2010 U.S. Dist. LEXIS 108798, at *1 (citing *Spencer Trask Software and In'l Servs., LLC v. Rpost Int'l Lim.*, 206 F.RD. 367, 368 (S.D.N.Y.2002)).

[5] *Id.*

[6] To show malicious prosecution in Mississippi, Fryrear must prove the following elements: (1) the institution or continuation of original judicial proceedings, either criminal or civil; (2) by, or at the insistence of the defendants; (3) the termination of such proceeding in plaintiff's favor; (4) malice in instituting the proceedings; (5) <u>want of probable cause for the proceedings</u>; and (6) the suffering of damages as a result of the action or prosecution complained of. *Bearden v. BellSouth Telecomms., Inc.*, 29 So. 3d 761, 764 (Miss. 2010) (citation omitted). If Fryrear cannot show want of probable cause, her malicious prosecution claim cannot succeed. *Loftin v. City of Prentiss*, 33 F.4th 774, 783 (5th Cir. 2022).

6. **LACK OF PREJUDICE:** This will not prejudice either side, as there has been no Case Management Conference, no Core Disclosures submitted, and no discovery propounded. Once the Court has ruled on the motion, the Court will either lift the stay or dismiss the case.

**NOW, THEREFORE,** the County respectfully requests a stay of discovery until the District Court has resolved the pending Motion for Judgment on the Pleadings **[Doc. 19]** before it.

**RESPECTFULLY SUBMITTED** this the 25th day of October, 2022.

                                **JACKS GRIFFITH LUCIANO, P.A.**

                                By: /s/ ***Bethany A. Tarpley***
                                        Bethany A. Tarpley, MS Bar No. 104134
                                        Arnold U. Luciano, MS Bar No. 99198
                                        Daniel J. Griffith, MS Bar No. 8366
                                        Attorneys for Defendant, Washington
                                        County, Mississippi

Of Counsel:

**JACKS GRIFFITH LUCIANO, P.A.**
150 North Sharpe Avenue
P. O. Box 1209
Cleveland, MS 38732
Telephone: 662-843-6171
Facsimile: 662-843-6176
Email: btarpley@jlpalaw.com
       aluciano@jlpalaw.com
       dgriffith@jlpalaw.com

## CERTIFICATE OF SERVICE

I, Bethany A. Tarpley, attorney of record for Defendant, Washington County, Mississippi, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Washington County, Mississippi's Memorandum of Authorities in Support of its Motion to Stay* to be delivered by the ECF Filing System which gave notice to the following:

Jim Waide, Esq.
Waide & Associates, P.A.
P.O. Box 1357
Tupelo, MS 38802
Email: waide@waidelaw.com
**Attorneys for Plaintiff**

William Robert Allen, Esq.
Katelyn A. Riley, Esq.
Allen, Allen, Breeland & Allen, PLLC
P.O. Box 751
Brookhaven, MS 39602
Email: wallen@aabalegal.com
       kriley@aabalegal.com
**Attorneys for Jarrell Evans, Individually**

Willie Griffin, Esq.
Bailey & Griffin
P.O. Box 189
Greenville, MS 38702
Email: wgriffinlawyer@aol.com
**Attorney for Defendants**

**DATED** this 25th day of October, 2022.

/s/ ***Bethany A. Tarpley***
Bethany A. Tarpley