IN THE CIRCUIT COURT OF WASHINGTON COUNTY, MISSISSIPPI

JESSICA AMBER FRYREAR     MOVANT

Received & Filed
APR 1 0 2019
Barbara Esters-Parker
By: _____ D.C.

VS.     CAUSE # unnumbered

SHERIFF MILTON M. GASTON, SR.     RESPONDENT
WASHINGTON COUNTY
STATE OF MISSISSIPPI

## MOTION FOR HABEAS CORPUS, OR, IN THE ALTERNATIVE, BOND REDUCTION

COMES NOW, the Movant, Jessica Amber Fryrear, by and through her attorney of record, Patricia A. Rodgers, and moves this honorable Court pursuant to; Rule 2.07 of the Mississippi Uniform Circuit and County Court Rules (hereinafter MUCCCR); Miss. Code. Ann §§ 11-43-1 through 11-43-55; Miss. Const. art. 3, §§ 14, 21, 22, and 26; U.S. Const. amend. V, VI and XIV; to issue a Writ of Habeas Corpus ordering the respondents to bring Ms. Fryrear before this honorable Court for a hearing on the following allegations and after a hearing to discharge Ms. Fryrear from custody or in the alternative reduce her bond, and in support of same states as follows, to-wit:

-1-

That this Court has jurisdiction of this matter and that venue in properly vested with this Court pursuant to MUCCCR Rule 2.07(5).

-2-

That Jessica Amber Fryrear, was arrested by the Washington County Sheriff's Department on October 30th, 2017 and charged with capital murder in violation of Miss. Code. Ann. §97-3-


EXHIBIT B

19(2)(e). That Ms. Fryrear has remained in custody since the date of her arrest.

-3-

That Ms. Fryrear's initial bail bond was set at $1,000,000.00. That on or about December 5th 2017 Ms. Fryrear's bail bond was reduced to $150,000.00.

-4-

That Ms. Fryrear has filed a pauper's oath with this motion attached as Exhibit "A".

-5-

That at the time of her arrest Ms. Fryrear informed the arresting and investigating officers that at the time of the alleged murder she had an alibi. That upon information and belief no investigation into the specific information provided by Ms. Fryrear regarding her alibi was or has been performed by Law Enforcement. Additionally during her incarceration Ms. Fryrear voluntarily submitted herself to undertake a polygraph examination the results of which have never been provided to herself or her counsel.

-6-

Ms. Fryrear would show that since her arrest and subsequent incarceration, the Grand Jury of Washington County has been empaneled on five (5) occasions; January 2018, April 2018, July 2018, October 2018 and January 2019. Ms. Fryrear remains un-indicted despite the empaneling of the five (5) Grand Juries that have been empaneled since her incarceration.

-7-

That as of April 10th 2019, Ms. Fryrear has been incarcerated for 527 days (1 year, 5 months, 1 week and 4 days).

-8-

The State has violated Ms. Fryrear's state and federal constitutional rights by the continued

-2-

19(2)(e). That Ms. Fryrear has remained in custody since the date of her arrest.

-3-

That Ms. Fryrear's initial bail bond was set at $1,000,000.00. That on or about December. 5th 2017 Ms. Fryrear's bail bond was reduced to $150,000.00.

-4-

That Ms. Fryrear has filed a pauper's oath with this motion attached as Exhibit "A".

-5-

That at the time of her arrest Ms. Fryrear informed the arresting and investigating officers that at the time of the alleged murder she had an alibi. That upon information and belief no investigation into the specific information provided by Ms. Fryrear regarding her alibi was or has been performed by Law Enforcement. Additionally during her incarceration Ms. Fryrear voluntarily submitted herself to undertake a polygraph examination the results of which have never been provided to herself or her counsel.

-6-

Ms. Fryrear would show that since her arrest and subsequent incarceration, the Grand Jury of Washington County has been empaneled on five (5) occasions; January 2018, April 2018, July 2018, October 2018 and January 2019. Ms. Fryrear remains un-indicted despite the empaneling of the five (5) Grand Juries that have been empaneled since her incarceration.

-7-

That as of April 10th 2019, Ms. Fryrear has been incarcerated for 527 days (1 year, 5 months, 1 week and 4 days).

-8-

The State has violated Ms. Fryrear's state and federal constitutional rights by the continued

-2-

detention and/or prosecution on the charges brought against her. The sole remedy for a violation of Ms. Fryrears's constitutional right to speedy trial is discharge. *Perry v. State*, 419, So.2d 194 (Miss.1982)

WHEREFORE, PREMISES CONSIDERED, and pursuant to MUCCCR Rule 2.07; Miss. Code. Ann §§ 11-43-1 through 11-43-55; Miss. Const. art. 3, §§ 14, 21, 22, and 26; U.S. Const. amend. V, VI and XIV; Ms. Fryrear respectfully requests that this honorable Court grant the following relief:

1.) Issue the Writ of Habeas Corpus setting this matter for immediate hearing;

2.) Order Respondents to file an answer within a reasonable time;

3.) Order the Respondents to cause the Movant to be brought before the Court for said hearing; and

4.) Upon full hearing concerning the allegations set for the Motion, to order the relief herein sought by the Movant or grant such other relief as justice may require.

RESPECTFULLY SUBMITTED, this, the 10th day of April, 2019.

PATRICIA A. RODGERS, MSB #102882
Attorney for Movant

OF COUNSEL:

PATRICIA A. RODGERS
213 West Front St.
Greenwood, MS 38930
Telephone: (662) 453-4471
Facsimile: (662) 453-4492