IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

| | |
|---|---|
| JESSICA FRYREAR | PLAINTIFF |
| v. | CAUSE NO. 4:22-CV-112-MPM-DAS |
| WASHINGTON COUNTY, MISSISSIPPI JARRELL EVANS and CEDRICK ADAMS, In Their Individual Capacities for State Law Violations Only | DEFENDANTS |

## WASHINGTON COUNTY, MISSISSIPPI'S REPLY
## IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS

**COMES NOW**, Defendant Washington County, Mississippi, by and through counsel, and files this its Reply in Support of its Judgment on the Pleadings and for this Honorable Court to Dismiss Plaintiff's Complaint [Doc. 1] filed against it.[1]

### I. INTRODUCTION

Plaintiff, Jessica Fryrear's, Complaint against Washington County fails for multiple reasons. First, Plaintiffs' claims fail because there was probable cause to arrest and prosecute Jessica Fryrear solely on the word of her alleged co-conspirator, April Miller. For this reason alone, this Court should dismiss Plaintiff's Complaint against Defendant County. Plaintiff's Complaint also fails because she has not pleaded the necessary factual allegations to maintain any claim against the County. Lastly, Plaintiff cannot attempt to circumvent the fact that the County

---

[1] Movant, pursuant to Rule 201(b)(2) of the *Federal Rules of Evidence*, respectfully requests this Court to take judicial notice of the filed state court criminal documents attached to Washington County's Answer [Doc. 16], including the Probable Cause Affidavit [Doc 16-2] repeatedly referenced in and central to the Complaint but not attached to it, which is both subject to judicial notice and part of the public record and April Miller's Amended Guilty Plea [Doc. 16-1] which is both subject to judicial notice and part of the public record. "[A] district court may take into account documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned. *Meyers v. Textron, Inc.*, 540 F. App'x 408, 409 (5th Cir. 2013) (per curiam) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

1

cannot be held vicariously liable for the actions of its employees. Because of all this, this Court should dismiss this Complaint against Washington County.

## II. ARGUMENT

**A. Plaintiff's Section 1983 Fourth Amendment Claim Fails Against Defendant County.**

Plaintiff's Fourth Amendment claims against Defendant County fails for multiple reasons. It is axiomatic that to "state a section 1983 claim, 'a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under the color of state law.'"[2] Here, Plaintiff can do neither.

First, Plaintiff cannot establish a Fourth Amendment violation because there was probable cause to arrest her solely on the word of her alleged co-conspirator, April Miller. Additionally, both a judge and grand jury sat as intermediate intermediaries, insulating Defendant County from Plaintiff's Fourth Amendment allegations. Next, Plaintiff's claims fail because she has not alleged *any* factual assertions to support a policy of custom of Defendant County to state a §1983 claim that is plausible on its face. Defendant County's Motion for Judgment on the Pleadings should be granted.

**1. There is No Constitutional Violation Because There Was Sufficient Probable Cause to Arrest Plaintiff.**

Plaintiff's claims fail because Defendant County had probable cause to arrest Plaintiff solely on the word of her alleged co-conspirator, April Miller. Plaintiff argues, however, that there was no substantial basis for finding probable cause because Ms. Miller was unreliable.[3] Specifically,

---

[2] *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (quoting *James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008)).
[3] **[Doc. 26]** at pg. 7.

2

Plaintiff contends that Ms. Miller was unreliable because "she was high on drugs, was a drug addict, and was a suspected thief."[4] Plaintiff's argument fails.

As an initial matter, Plaintiff dedicates a significant portion of her briefing describing probable cause requirements under Mississippi law.[5] This discussion, however, is of no import to Defendant County as only federal claims have been asserted against it.[6] As such, Defendant County will only address Plaintiff's argument applicable to it below.

Plaintiff's entire argument here relies on *Illinois v. Gates*, a U.S. Supreme Court case discussing whether an anonymous tip by an informant could support a probable cause affidavit and search warrant.[7] Ultimately, the Court found that because law enforcement officers had corroborated "major portions of the letter's predictions[,]" the judge issuing the warrant had a substantial basis for concluding that probable cause existed for search of the accused's home and car.[8] Plaintiff argues that Ms. Miller's implication of Plaintiff "does not satisfy the more liberal *Gates'* test for a finding of probable cause under the Fourth Amendment" because (1) Ms. Miller was unreliable because she was using drugs and a suspected thief and (2) officers did not corroborate that allegation.[9] Both of these arguments fail.

Plaintiff wholly fails to address the fact that Ms. Miller was an alleged co-conspirator with Plaintiff, rather than a mere informant, and Ms. Miller's confession implicated herself in the crime as well.[10] This Court has found that "courts have held confessions of co-conspirators sufficient to establish probable cause under a variety of circumstances . . . ."[11] This is because "'[a]dmission

---

[4] *Id.*
[5] *Id.* at pgs. 5-6.
[6] **[Doc. 1]** at ₽ 19 Counts II and III. Defendant County, however, maintains that there was probable cause to arrest Plaintiff under both federal and state law.
[7] 462 U.S. 213 (1983).
[8] *Gates*, 462 U.S. at 246.
[9] **[Doc. 26]** at pg. 7.
[10] *See id.* generally; *see also* **[Docs. 16-1, 16-2]**.
[11] *Cardenas v. Maslon*, 93 F. Supp. 3d 557, 571 (N.D. Miss. 2015).

3

of crimes, like admissions against proprietary interests, carry their own indicia of credibility—sufficient at least to support a finding of probable cause.'"[12] Here, Plaintiff's Complaint is riddled with facts alleging that Ms. Miller implicated herself, along with Plaintiff and two others, in the murder of Mr. Formigioni.[13] Given that Ms. Miller admitted to the crime as a co-conspirator with Plaintiff, her testimony "carr[ies] its own indicia of credibility—sufficient at least to support a finding of probable cause" in this case.[14]

Further still, Plaintiff's allegations that she was arrested due to the uncorroborated testimony of Ms. Miller carries no weight. As this Court has stated, "even if Defendant had not investigated [the co-conspirator's] statement, [the] lack of investigation would not preclude a finding of probable cause based on [the] reaction to [the co-conspirator's] confession of his part in the matter."[15] Further, it is well-established in this circuit "that a defendant may be *convicted* based upon the uncorroborated testimony of a co-conspirator."[16] Thus, "'because for the past forty years

---

[12] *United States v. Roberts*, 274 F.3d 1007, 1016 (5th Cir. 2001) (quoting *United States v. Harris*, 403 U.S. 573, 583, 29 L. Ed. 2d 723, 91 S. Ct. 2075 (1971).
[13] *See* **[Doc. 1]** at ¶ 8 ("After obtaining Miller's statement, which placed Plaintiff and two (2) individuals named Roderick Payne and Eugene Sanders near the crime scene . . . ."); at ¶ 9 ("Notwithstanding that it had no evidence against Plaintiff, other than what Miller had alleged stated, Defendant Adams executed a criminal affidavit against Plaintiff . . . ."); at ¶ 10(D) ("The basis of the capital murder charge was Miller's statement allegedly given to Defendants Evans and Adams to the effect that Miller and two (2) other named black males, Payne and Sanders, had picked Plaintiff upon the night of the murder and had gone to the home of Formigioni."); at ¶ 13 ("At Plaintiff's trial, no evidence was introduced that Plaintiff was near the scene of the murder except for the testimony of Miller, who testified only that she and Plaintiff had been in a vehicle when two (2) other persons had gone into the Formigioni home on the night of the murder.").
[14] *Roberts*, 274 F.3d at 1016.
[15] *Cardenas*, 93 F. Supp. 3d at 571 (citing *Daniels v. City of Hartford*, 645 F.Supp.2d 1036, 1055 (M.D. Ala. 2009) ("[E]ven an uncorroborated statement of a co-conspirator can suffice to establish probable cause, so long as the confession is not 'outlandish on its face.'") (quoting Craig v. Singletary, 127 F.3d 1030, 1042 (11th Cir. 1997)); *see also Barnett v. U.S. Secret Serv.*, 273 F.3d 1095, at *1 [published in full-text format at 2001 U.S. App. LEXIS 31212] (5th Cir. Sep. 4, 2001) (unpublished) ("The statements of Barnett's coconspirators were sufficiently detailed, corroborated each other, and included statements against penal interest, supporting a finding that the statements were reliable and establishing probable cause to seek an arrest warrant."); *Marquez v. Molinari*, 81 F.3d 169, at *2 [published in full-text format at 1996 U.S. App. LEXIS 8218] (9th Cir. Apr. 3, 1996) (collecting cases for proposition that self-incriminating statements of con-conspirators are sufficient to establish probable cause in extradition hearing).
[16] *United States v. Rasco*, 123 F.3d 222, 229 (5th Cir. 1997) (citing *United States v. Hernandez*, 962 F.2d 1152, 1157 (5th Cir. 1992) (emphasis added)).

it has been held that the uncorroborated testimony of a co-conspirator or accomplice is sufficient to prove guilt beyond a reasonable doubt, it would be anomalous to hold that the confession of a codefendant is insufficient to establish probable cause.'"[17] As such, even if Ms. Miller's testimony was uncorroborated, her involvement as a co-conspirator and implication in the crime is enough to establish probable cause. The allegations against Defendant County should be dismissed for this reason alone.

**2. There is No Constitutional Violation Because the Independent Intermediary Bars Recovery.**

Even if this Court finds that the confession of Ms. Miller does not alone constitute probable cause for the arrest of Plaintiff, there is still no constitutional violation because the independent intermediary doctrine bars recovery. Here, there are two separate instances of an independent intermediary breaking the causal chain and insulating Defendant County. First, a justice court judge issued an arrest warrant. Second, a grand jury indicted Plaintiff on the charges set forth against her. Lastly, Plaintiff's assertions in her Complaint do not plausibly allege a *Malley* or *Franks* violation. Defendant County's Motion for Judgment on the Pleadings should be granted for this reason as well.

  i. <u>The Arrest Warrant Issued by the Justice Court Judge Breaks the Causal Chain and Insulates Defendant County</u>.

Plaintiff argues (1) that *United States v. Burzynski Cancer Research Institute* hold that a judge's determination of probable cause will not break the chain of causation; (2) the probable

---

[17] *United States v. Solorio-Hernandez*, 2015 U.S. Dist. LEXIS 72904, at *9 (S.D. Tex. June 5, 2015) (citing *United States v. Patterson*, 150 F.3d 382, 386 (4th Cir. 1998)).

cause affidavit is unsworn; and (3) various portions of Ms. Miller's trial testimony establishes a lack of probable cause by Defendant County.[18] Each of these arguments fail.

First, "'[i]t is well settled that if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party.'"[19] To claim otherwise, as Plaintiff does here, is ludicrous and flat out wrong. As noted in Defendant County's initial briefing, the independent intermediary doctrine is not absolute.[20] This is exactly what *Burzynski* states.[21] In *Malley v. Briggs*, the Supreme Court held that if "a well-trained officer in petitioner's position would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant[,]" then the officer is not shielded by the independent intermediary doctrine.[22] Thus, *Bryzynski* does not hold that "a judge's determination of probable cause will not break the chain of causation" as Plaintiff contends, only that the independent intermediary doctrine is not absolute. This argument is without merit.

Next, Plaintiff argues that the probable cause affidavit is unsworn and thus cannot be considered and that the affidavit does not indicate that the information contained in the "PROBABLE CAUSE" portion of the affidavit was ever seen by a Judge.[23] First, the affidavit is clearly signed by a Justice Court Judge and sworn to by Investigator Adams.[24] Next, making the argument that the factual allegations outlining probable cause was not presented to the Justice

---

[18] **[Doc. 26]** at Section IV(B).
[19] *Curtis v. Sowell*, 761 Fed. Appx. 302, 304 (5th Cir. 2019) (citing *Taylor v. Gregg*, 36 F.3d 453, 456 (5th Cir. 1994), *overruled on other grounds by Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003) (en banc)).
[20] *See* **[Doc. 20]** at Section IV(A)(1), pg. 4; *see also Anokwuru v. City of Houston*, 990 F.3d 956, 963-64 (5th Cir. 2021).
[21] *U.S. v. Burzynski Cancer Rsch. Inst.*, 819 F.2d 1301, 1309 (5th Cir. 1987) ("Dr. Burzynski counters by correctly pointing out that the Supreme Court rejected the rationale under that broadly stated rule in *Malley v. Briggs*.").
[22] *Malley v. Briggs*, 475 U.S. 335, 345-46 (1986).
[23] **[Doc. 26]** at pg. 9.
[24] **[Doc. 16-2]** at pg. 1.

Court Judge is a stretch at best. The factual narrative of the affidavit begins on the same page that bears the Justice Court Judge's signature, Investigator Adams's signature, and another witness's signature.[25] Using common sense, there is no way that the Justice Court Judge *did not* see the factual narrative for probable cause here. This argument fails.

Plaintiff's remaining arguments focus *solely* on facts learned at Plaintiff's criminal trial.[26] which undisputedly occurred after the arrest warrant was issued. As pointed out in Defendant County's initial brief, "[f]acts discovered *after* the issuance of the arrest warrants and subsequent arrests go to the guilt or innocence of plaintiff and have no effect on whether probable cause existed at the time the arrest warrants were issued."[27] As such, all allegations of facts learned *after* the issuance of Plaintiff's arrest warrant are immaterial here. Plaintiff's argument fails.

Here, the Justice Court Judge acting as an independent intermediary broke the causal chain and insulates Defendant County. However, should this Court find that the independent intermediary doctrine does not apply to the Justice Court Judge's issuance of an arrest warrant, Plaintiff's indictment by a grand jury leaves no doubt that Defendant County is, in fact, insulated under the independent intermediary doctrine.

    ii.    <u>The Grand Jury Indictment Breaks the Causal Chain and Insulates Defendant County.</u>

---

[25] *Id.*
[26] *See* **[Doc. 26]** at pg. 9 ("At the criminal trial, Miller indicates that she did not know anything about a robbery."); at pg. 9 ("Miller's criminal testimony also emphasizes that the deputies could not have though Miller was honest . . ."); at pgs. 9-10 ("Contrary to the information in Exhibit B to Defendant County's answer, Miller testified that . . . "). Additionally, all the evidence presented here by Plaintiff stems from testimony presented at Plaintiff's criminal trial. *See id.* at pgs. 9-10 (citing to Plaintiff's Exhibit "A," which is the transcript of Plaintiff's criminal trial.).
[27] *Johnson v. Bunch*, 2011 U.S. Dist. LEXIS 25414, *13 (M.D. La. Jan. 2011) (holding that probable cause existed to issue an arrest warrant based on the statement of a co-conspirator) (emphasis in original).

Again, even if this Court finds that probable cause was not present or that the arrest warrant signed by a judge does not break the causal chain, a second independent intermediary—a grand jury—indicted Plaintiff for her alleged crime.[28] Plaintiff argues that it is plausible that the grand jury was not an independent intermediary for four (4) reasons.[29] First, Plaintiff argues that because five grand juries met before obtaining an indictment, a fact-finder could infer lack of probable cause.[30] Second, Ms. Miller never pleaded guilty to capital murder.[31] Third, It is plausible that discovery will reveal that the investigators failed to disclose certain information to the grand jury.[32] And lastly, the probable cause affidavit alleges only that Ms. Miller and Plaintiff were present at the scene.[33] Each of these arguments fail.

First, the number of times a grand jury meets before indictment is not material to the independent intermediary analysis. "'It is well settled that if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party.'"[34] "Thus, unless an exception to the independent intermediary rule applies, Plaintiff's grand jury indictments dooms [her] Fourth Amendment claims."[35] Accordingly, "to survive Defendants' Motion to Dismiss, Plaintiff must provide sufficient facts supporting the inference that each Defendant maliciously tainted the grand jury proceedings."[36] The number of times a grand jury meets prior to indicting a Plaintiff is not material, and Plaintiff's argument fails.

---

[28] *See* **[Doc. 1-1]**.
[29] **[Doc. 26]** at Part IV(C).
[30] *Id.* at pg. 10.
[31] *Id.* at pgs. 10-11.
[32] *Id.* at pg. 11. *See* Section II(A)(2)(iii) *infra* for discussion.
[33] *Id.* at pgs. 11-12.
[34] *Yager v. Stroman*, 202 U.S. Dist. LEXIS 90240, at *13-*14 (W.D. Tex. May 22, 2020) (quoting *Taylor v. Gregg*, 36 F.3d 453, 456 (5th Cir. 1994), *overruled on other grounds by Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003) (en banc)).
[35] *Id.* at *14.
[36] *Id.* at *14-*15.

Similarly, whether or not Ms. Miller actually pleaded guilty to capital murder is not material here. Plaintiff was indicted by the grand jury on June 18, 2019.[37] Ms. Miller entered her guilty plea on September 23, 2021.[38] Again, "[f]acts discovered *after* the issuance of the arrest warrants and subsequent arrests go to the guilt or innocence of plaintiff and have no effect on whether probable cause existed at the time the arrest warrants were issued."[39] Additionally, "[a]n indictment for murder or capital murder shall serve as notice to the defendant that the indictment may include any and all lesser included offenses thereof, including, but not limited to, manslaughter."[40] As such, the fact that Ms. Miller did not plead guilty of capital murder is of no import to this analysis.

Lastly, Plaintiff's assertion that Ms. Miller's statement does not show probable cause that Plaintiff committed any crime in false. As set forth in its initial brief, in Mississippi, capital murder is defined as: "The killing of a human being without the authority of law by any means or in any manner shall be capital murder in the following cases:

> (e) When done *with or without any design to effect death*, by *any person engaged in the commission of the crime of* rape, *burglary*, kidnapping, arson, *robbery*, sexual battery, unnatural intercourse with any child under the age of twelve (12), or nonconsensual unnatural intercourse with mankind, *or in any attempt to commit such felonies*"[41]

The probable cause affidavit clearly states that Ms. Miller, Plaintiff, and two others all stopped by her cousin, Floyd Whitaker's, home, where Ms. Miller tried to get Mr. Whitaker to go with them *to rob* the decedent, Frederick Formigioni.[42] Further, Ms. Miller stated that "she along with

---

[37] **[Doc. 1-1]**.
[38] **[Doc. 16-1]**.
[39] *Johnson v. Bunch*, 2011 U.S. Dist. LEXIS 25414, *13 (M.D. La. Jan. 2011)(holding that probable cause existed to issue an arrest warrant based on the statement of a co-conspirator) (emphasis in the original).
[40] *Miss. Code Ann.* § 97-3-19 (3).
[41] *Miss. Code Ann.* § 97-3-19(2)(e)(emphasis added).
[42] **[Doc. 16-2]** p. 2 (emphasis added).

Roderick Payne, Eugene Sanders, and Jessica Fryrear planned to go to Mr. Formigoni's (sic) residence on Metcalfe Road *and rob him*."[43] Thus, per Ms. Miller's confession, all four (4) persons, Plaintiff included, were involved in the attempted burglary and/or robbery of Mr. Formigoni which resulted in his death. Therefore, under Mississippi's capital murder statute, all four (4) would be liable for his death. Plaintiff's claim that the probable cause affidavit "alleges only that Miller and Fryrear were present at the scene and remained in the vehicle while the two (2) males exited the vehicle[,]" is false.[44]

> iii. <u>Plaintiff Failed to Raise An Argument in Response to Defendant County's Assertion that She Cannot Make a *Malley* or *Franks* Violation.</u>

Plaintiff completely fails to assert any argument rebutting Defendant County's claim that she failed to plausibly assert any *Malley* or *Franks* violations, and thus, the independent intermediary doctrine applies.[45] It is well-settled that "[a] party's failure to respond to arguments raised in a Rule 12 motion constitutes waiver or abandonment of those issues."[46]

To the extent that this Court should find that Plaintiff has set forth some argument, out of an abundance of caution, Defendant County re-alleges and re-asserts its argument contained in Section IV(A)(1)(a)-(b) here. Accordingly, even taking Plaintiff's as true--that certain information was not disclosed to the independent intermediary--such alleged non-disclosure did not taint the deliberations of either intermediary.

**3. Plaintiff Cannot Allege Any Official Policy or Custom.**

---

[43] *Id.* (emphasis added).
[44] **[Doc. 26]** at pg. 11.
[45] *See generally* **[Doc. 26]**.
[46] *Stratta v. Roe*, 2021 U.S. Dist. LEXIS 60221, at *16 (W.D. Tex. March 30, 2021) (citing *Black v. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006).

It is axiomatic that to survive a motion to dismiss, "'a plaintiff must 'plead facts that plausibly establish: a policymaker; an official policy; and a violation of constitutional rights whose moving force is the policy or custom.'"[47] Plaintiff has not done so here. Plaintiff vaguely argues that, through allegations in her Complaint, "it is plausible that Fryrear may be able to prove that the Sheriff, as the official policymaker of Defendant Washington County, Mississippi, had a policy of deliberately failing to train his deputies on the necessity of probable cause or left deputies unsupervised."[48] But fails to point this Court to any specific factual allegations located in her Complaint indicating such policy.[49] Instead, the majority of Plaintiff's argument is that she does not have to plead the specific elements of municipal liability.[50] These arguments are without merit.

It is well-established in the Fifth Circuit that to "state a claim under *Monell* and its progeny, [the plaintiff] had to sufficiently allege (1) that 'an official policymaker with actual or constructive knowledge of the constitutional violation acted on behalf of the municipality'; (2) that the allegedly unconstitutional action constitutes a 'custom or policy'; and (3) that there was 'a violation of constitutional rights whose moving force is the policy or custom.'"[51] First, Plaintiff's reliance on *Leatherman* is misplaced. In *Ratliff v. Arkansas*, the Fifth Circuit noted that the ordinary *Twombly* pleading standard applies in the *Monell* context.[52] The *Ratliff* Court went on the explain that although "it is . . . true that *Leatherman,* a pre-*Twombly* case, held that courts must not apply a 'heightened' pleading standard to *Monell* claims . . . *Leatherman* did not require court to accept

---

[47] *Lancaster v. Harris Cty.*, 821 Fed. Appx. 267, 271 (5th Cir. 2020) (quoting *Ratliff v. Aransas Cty.*, 948 F.3d 281, 285 (5th Cir. 2020)).
[48] **[Doc. 26]** at pg. 14.
[49] *Id.* at Section IV(D).
[50] *Id.* at pgs. 13-14.
[51] *Brown v. Tarrant County*, 985 F.3d 489, 497 (5th Cir. 2021) (quoting *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 166-69 (5th Cir. 2010)).
[52] 948 F.3d 281, 284 (5th Cir. 2020).

11

'generic or boilerplate' pleadings in this case or in any other context."[53] Accordingly, although a heightened pleading standard is not required, Plaintiff's "*Monell* pleadings 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"[54]

Second, Plaintiff's reliance on *Johnson v. City of Shelby* is also misplaced. Indeed, the portion of *Johnson* cited in Plaintiff's brief supports this. *Johnson* held that the "dismissal of a complaint for an imperfect statement of the *legal theory* supporting the claim asserted" was improper.[55] But Defendant County does not argue that here. Instead, Defendant County plainly states that Plaintiff "has not alleged any *factual allegations* which would show that an official policy or custom existed."[56] Plaintiff's reliance on *Johnson* here is improper.

Plaintiff has offered no argument, and has pointed this Court to no allegation in her Complaint, that sets forth sufficient factual matter of a policy of custom of Defendant County. Because Plaintiff has failed to do so, she has waived her argument.[57] Accordingly, Defendant County re-incorporates and re-asserts its argument located in Section IV(2) here. In sum, Plaintiff has, at most, pleaded a formulaic recitation of the elements and unsupported legal conclusions, with no factual support. Accordingly, Plaintiff's *Monell* claim fails because she has failed to plead the necessary facts to allege (1) a constitutional violation, (2) an official policy or custom, or that (3) the policy or custom was the moving force behind her alleged constitutional violation. This Court should dismiss the Section 1983 claim against Washington County.

**B. Defendant County Cannot Be Vicariously Liable for the Actions of Its Employees.**

---

[53] *Id.* (citing *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993)).
[54] *Id.* at 284-85 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quotation omitted)).
[55] *Johnson*, 574 U.S. 10, 11 (2014).
[56] **[Doc. 20]** at Section IV(A)(2), pgs. 13-14.
[57] *Stratta v. Roe*, 2021 U.S. Dist. LEXIS 60221, at *16 (W.D. Tex. March 30, 2021) (citing *Black v. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006)

Washington County also cannot be liable because the Sheriff delegated Plaintiff's investigation to the individual defendants. Plaintiff seems to have abandoned this claim.[58] As such, Plaintiff has waived such argument.[59] Out of an abundance of caution, Defendant County, again, re-incorporates and re-alleges its argument located in Section IV(B) here. This claim fails as a matter of law.

## CONCLUSION

This Court should dismiss the Complaint against Washington County.

**WHEREFORE, PREMISES CONSIDERED,** Defendant Washington County, Mississippi prays that it be dismissed with prejudice from this action.

**RESPECTFULLY SUBMITTED** this the 13th day of December, 2022.

        **JACKS GRIFFITH LUCIANO, P.A.**

        By: **/s/ Bethany A. Tarpley**
          Bethany A. Tarpley, MS Bar No. 104134
           Arnold U. Luciano, MS Bar No. 99198
           Daniel J. Griffith, MS Bar No. 8366
           Attorneys for Defendant, Washington
           County, Mississippi

Of Counsel:

**JACKS GRIFFITH LUCIANO, P.A.**
150 North Sharpe Avenue
P. O. Box 1209
Cleveland, MS 38732
Telephone: 662-843-6171
Facsimile: 662-843-6176
Email: btarpley@jlpalaw.com
    aluciano@jlpalaw.com
    dgriffith@jlpalaw.com

---

[58] *See generally* **[Doc. 26].**
[59] *Stratta v. Roe*, 2021 U.S. Dist. LEXIS 60221, at *16 (W.D. Tex. March 30, 2021) (citing *Black v. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006).

## **CERTIFICATE OF SERVICE**

  I, Bethany A. Tarpley, attorney of record for Defendant, Washington County, Mississippi, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Washington County, Mississippi's Reply in Support of Its Motion For Judgment on the Pleadings* to be delivered by the ECF Filing System which gave notice to the following:

Jim Waide, Esq.
Waide & Associates, P.A.
P.O. Box 1357
Tupelo, MS 38802
Email: waide@waidelaw.com
**Attorneys for Plaintiff**

William Robert Allen, Esq.
Katelyn A. Riley, Esq.
Allen, Allen, Breeland & Allen, PLLC
P.O. Box 751
Brookhaven, MS 39602
Email: wallen@aabalegal.com
   kriley@aabalegal.com
**Attorneys for Jarrell Evans, Individually**

Willie Griffin, Esq.
Bailey & Griffin
P.O. Box 189
Greenville, MS 38702
Email: wgriffinlawyer@aol.com
**Attorney for Defendants**

**DATED** this 13th day of December, 2022.

              /s/ ***Bethany A. Tarpley***
              Bethany A. Tarpley