IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JESSICA FRYREAR**                                                                                       **PLAINTIFF**

v.                                                 **CAUSE NO. 4:22-CV-112-MPM-DAS**

**WASHINGTON COUNTY, MISSISSIPPI**
**JARRELL EVANS and CEDRICK ADAMS,**
In Their Individual Capacities for State Law
Violations Only                                                     **DEFENDANTS**

## WASHINGTON COUNTY, MISSISSIPPI'S REPLY IN SUPPORT OF ITS MOTION TO STAY

**COMES NOW** Defendant, WASHINGTON COUNTY, MISSISSIPPI ("the County" hereinafter), by and through counsel, and respectfully submits its reply in support of a stay pending disposition of the County's Motion for Judgment on the Pleadings **[Doc. 19]**.

### I. PREMISE

Plaintiff has sued Defendant County *only* for a Fourth Amendment violation alleging that there was no probable cause to arrest her based solely on the confession of her alleged co-conspirator April Miller.[1] Plaintiff has additionally alleged *only* state law claims as to two individuals.[2] Defendant County moved to dismiss all claims against it, arguing, in part, that Plaintiff has failed to state a plausible claim under *Monell*.[3]

A stay pursuant to Local Rule 16(b)(3)(b) is warranted here because Defendant County has moved to dismiss Plaintiff's claims under an immunity-based legal theory. Additionally, there is good cause to stay discovery under Rule 26 of the Federal Rules of Civil Procedure. For these reasons, Defendant County's Motion to Stay should be granted.

---

[1] **[Doc. 1]** ⁋ 19, Counts II and III.
[2] *Id.* at Count I.
[3] **[Docs. 19 & 20]**.

1

## II. ARGUMENT

A stay of discovery is warranted here because Defendant County has filed an immunity-based motion and there is good cause to do so. Plaintiff argues that (1) a stay should not be granted on the grounds of immunity; (2) granting Defendant's Motion for Judgment on the Pleadings does not require dismissal of the individual defendants; and (3) a stay would prejudice the Plaintiff.[4] Plaintiff's arguments here fail.

### A. Defendant County is Entitled to a Stay on the Grounds of Immunity.

Local Rule 16(b)(3)(B) provides that "[f]iling . . . a motion asserting an immunity defense. . . stays the attorney conference and disclosure requirements and all discovery, pending the court's ruling on the motion, including appeal."[5] *Monell v. Department of Social Services* limits an immunity defense to local and municipal entities to the extent that "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by those whose acts may fairly represent official policy."[6] Defendant County has asserted an immunity defense under *Monell* in its Motion for Judgment on the Pleadings, arguing that Plaintiff has failed to allege any official policy or custom.[7] Accordingly, per the plain language of Rule 16(b)(3)(B), which provides only that, "[f]iling . . . a motion asserting an *immunity defense*[,]" triggers a stay of the attorney conference, disclosure requirements, and discovery, until the Court rules on the immunity-based motion.[8] As such, this Court should grant Defendant's Motion to Stay.

---

[4] **[Doc. 28]**.
[5] L.R. 16(b)(3)(B).
[6] 436 U.S. 658, 690, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978),
[7] *See* **[Doc. 20]** at Section IV(A)(2).
[8] L.R. 16(b)(3)(B).

**B. There is Good Cause to Stay Discovery Under Rule 26 of the Federal Rules of Civil Procedure.**

Even if this Court finds that Defendant County is entitled to a stay of discovery based on its assertion of an immunity defense, there is good cause to stay discovery pursuant to Rule 26 of the Federal Rules of Civil Procedure. It is well-established that "[t]he district court has 'broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.'"[9] "For example, under Federal Rule of Civil Procedure 26(c), the court may stay discovery for 'good cause,' such as finding that further discovery will impose under burden or expense without aiding the resolution of dispositive motions."[10]

Although difficult to tell, Plaintiff seems to argue that there is no good cause for a stay of discovery because a favorable ruling on Defendant County's Motion for Judgment on the Pleadings does not preclude the individual defendant's state law malicious prosecution claims.[11] Assuming that this is true for the purposes of this motion only, such a fact does not preclude this Court from finding that there is good cause to stay discovery.

In *Carlisle v. Normand*, there was a pending dispositive motion against the Jefferson County Sheriff for federal claims.[12] The Sheriff's co-defendant, against which only a state law claim was asserted, moved to stay discovery based on the fact that should the Sheriff's dispositive motion be granted, then state law claims should also be dismissed and the Court should decline to assert supplemental jurisdiction.[13] In *Carlisle*, the Court found that partial stay of discovery was

---

[9] *Fujita v. United States*, 416 Fed. Appx. 400, 402 (5th Cir. 2011) (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)).
[10] *Id.*; *see Landry v. Air Line Pilots Ass'n Int'l AFL-CIO,* 901 F.2d 404, 435-36 (5th Cir. 1990).
[11] **[Doc. 28]** at pg. 6.
[12] 2019 U.S. Dist. LEXIS 47896, at *2 (E.D. La. March 22, 2019).
[13] *Id.* at *2-*3.

appropriate.[14] The Court reasoned the "[i]f the Sheriff's motion for summary judgment is granted, it will result in dismissal of the Sheriff and it will put the issue of supplemental jurisdiction over Marino's claims at play."[15]  The same is true here.  If Defendant County's Motion for Judgment on the Pleadings is granted, it will result in the dismissal of Defendant County and put the issue of supplemental jurisdiction over the individual claims at play.

Further still, the Court found that there was "no urgent reason to conduct discovery . . . has been raised and the court finds it in the interest of judicial economy to stay discovery."[16]  Plaintiff has offered no reason that it is urgent to begin discovery and has responded to Defendant County's Motion for Judgment on the Pleadings.[17]  Thus, even if a favorable ruling on Defendant's Motion for Judgment on the Pleadings does not foreclose Plaintiff's state law claims, because such ruling would trigger a jurisdictional issue, this Court should find that there is good cause to stay discovery.

### C. There is Good Cause to Stay Discovery Because Participating in Discovery is Prejudicial and Causes Undue Burden and Expense Upon Defendant County.

Being ordered to participate in discovery when there is a pending dispositive motion would cause Defendant County an undue burden or expense.  "Good cause has been found . . . when 'further discovery will impose undue burden or expense without aiding the resolution of the dispositive motions.'"[18]  By Plaintiff's own admission "[i]t is likely that the taking of depositions

---

[14] *Id.* at *5. Defendants note that the only discovery allowed to proceed here had either been agreed upon or needed in order to respond to the filed dispositive motion. *Id.* at *4-*5 ("[C]ounsel for defendant Joseph McNair and McNair & McNair LLC represented that the McNair defendants wish to proceed with discovery at this time;" "At the same status conference, counsel for the plaintiffs explained that plaintiffs are awaiting returns on subpoenas issued to the Sheriff and the Department of corrections, which they say they need to oppose the Sheriff's motion.").
[15] *Id.* at *5.
[16] *Id.*
[17] *See* **[Doc. 26]**.
[18] *Whittington v. Mobiloil Fed. Credit Union*, 2018 U.S. Dist. LEXIS 15662, at *4 (E.D. Tex. Apr. 5, 2018) (quoting *Fujita*, 416 F. App'x at 402).

[alone] will be lengthy, and counsel will likely need more than six (6) months time for discovery."[19] Furthermore, it is clear that further discovery would not aid in the resolution of Defendant County's Motion for Judgment on the Pleadings as Plaintiff has already responded to such.[20] Accordingly, further discovery is not needed at this time because it would not aid in the resolution of the pending dispositive motion, and if required to participate, Defendant County would certainly be unduly burdened and suffer great expense.

### D. There is Good Cause to Stay Discovery Because It Would Not Prejudice Either Party.

A stay in discovery would not prejudice either party here. Plaintiff alleges that a stay is prejudicial because it would cause an "unknown amount of delay."[21] Although Plaintiff maintains that such a stay would cause an unknown amount of delay, she does not set forth why such delay would be prejudicial to her. Her assertions that witnesses involved in the criminal system are difficult to find and depose and that the process of scheduling depositions will be lengthy, but these facts stay the same no matter when discovery commences.

Instead, a stay would prejudice neither party. If this Court granted Defendant's Motion for Judgment on the Pleadings, it would streamline the discovery process for all parties. Specifically, as to Plaintiff, the dismissal of certain claims would greatly decrease time spent drafting and answering interrogatories, producing documents, and participating in depositions. This Court should grant Defendant's Motion to Stay.

### III. CONCLUSION

Defendant County's Motion to Stay should be granted for the reasons set forth above.

---

[19] **[Doc. 28]** at pg. 8.
[20] **[Docs. 25-26]**.
[21] **[Doc. 28]** at pg. 8.

**NOW, THEREFORE,** the County respectfully requests a stay of all discovery until the District Court has resolved the pending Motion for Judgment on the Pleadings **[Doc. 19]** before it.

**RESPECTFULLY SUBMITTED** this the 13th day of December, 2022.

                                          **JACKS GRIFFITH LUCIANO, P.A.**

                                By: /s/ ***Bethany A. Tarpley***
                                        Bethany A. Tarpley, MS Bar No. 104134
                                        Arnold U. Luciano, MS Bar No. 99198
                                        Daniel J. Griffith, MS Bar No. 8366
                                        Attorneys for Defendant, Washington
                                        County, Mississippi

Of Counsel:

**JACKS GRIFFITH LUCIANO, P.A.**
150 North Sharpe Avenue
P. O. Box 1209
Cleveland, MS 38732
Telephone: 662-843-6171
Facsimile: 662-843-6176
Email: btarpley@jlpalaw.com
        aluciano@jlpalaw.com
        dgriffith@jlpalaw.com

**CERTIFICATE OF SERVICE**

  I, Bethany A. Tarpley, attorney of record for Defendant, Washington County, Mississippi, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Washington County, Mississippi's Reply in Support of its Motion to Stay* to be delivered by the ECF Filing System which gave notice to the following:

Jim Waide, Esq.
Waide & Associates, P.A.
P.O. Box 1357
Tupelo, MS 38802
Email: waide@waidelaw.com
**Attorneys for Plaintiff**

William Robert Allen, Esq.
Katelyn A. Riley, Esq.
Allen, Allen, Breeland & Allen, PLLC
P.O. Box 751
Brookhaven, MS 39602
Email: wallen@aabalegal.com
   kriley@aabalegal.com
**Attorneys for Jarrell Evans, Individually**

Willie Griffin, Esq.
Bailey & Griffin
P.O. Box 189
Greenville, MS 38702
Email: wgriffinlawyer@aol.com
**Attorney for Defendants**

**DATED** this 13th day of December, 2022.

            /s/ ***Bethany A. Tarpley***
            Bethany A. Tarpley