IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JESSICA FRYREAR**                                                                 **PLAINTIFF**

v.                                       **CIVIL ACTION NO. 4:22-CV-112-MPM-DAS**

**WASHINGTON COUNTY, MISSISSIPPI,**
**JARRELL EVANS AND CEDRICK ADAMS,**
**IN THEIR INDIVIDUAL CAPACITIES FOR**
**STATE LAW VIOLATIONS ONLY**                               **DEFENDANTS**

### ORDER GRANTING MOTION TO STAY

Defendant Washington County, Mississippi, filed a motion to stay this case pending the court's ruling on its motion for judgment on the pleadings. Docket 21. Citing the immunity-based defense raised in its motion for judgment on the pleadings, the defendant maintains a stay is proper under Local Uniform Civil Rule 16(b)(3)(B). *Id*. Alternatively, in the interest of judicial economy, the defendant argues a stay is warranted because, if granted, the motion for judgement on the pleadings could terminate the litigation. *Id*.

The plaintiff Jessica Fryrear opposes the motion to stay arguing that "*Monell* [*v. Department of Social Services*, 436 U.S. 658 (1978)] provides no immunity defense for municipalities." Docket 28. Therefore, the plaintiff claims the stay provision of Local Uniform Civil Rule 16(b)(3)(B) does not apply. *Id*. Further, the plaintiff disagrees that dismissal of its claims against Washington County, Mississippi, would terminate the litigation as to all defendants. *Id*. The plaintiff maintains that "a ruling in Defendant County's favor – even on the probable cause issue – does not preclude the individual Defendants' liability for the state law tort of malicious prosecution." *Id*. To "delay this case as little as possible," the plaintiff contends discovery should not be stayed. *Id*.

"The plain language of Local Civil Rule 16(b)(3) clearly provides that filing a motion based on immunity defenses stays all discovery in a case." *Patterson v. City of McComb, Mississippi*, No. 5:18-CV-74(DCB)(MTP), 2018 WL 4471778, at *1 (S.D. Miss. Sept. 18, 2018) (citing L.U.Civ.R. 16(b)(3)(B)). Local Uniform Civil Rule 16(b)(3)(B) provides:

> [f]iling a motion to compel arbitration, or a motion asserting an immunity defense or jurisdictional defense stays the attorney conference and disclosure requirements and all discovery, pending the court's ruling on the motion, including any appeal. Whether to permit discovery on issues related to the motion and whether to permit any portion of the case to proceed pending resolution of the motion are decisions committed to the discretion of the court, upon a motion by any party seeking relief.

Whether *Monell* applies in the context of this litigation will be determined by way of the pending motion for judgment on the pleadings. Washington County, Mississippi's immunity-based defense – whether applicable in the context of this case or not – is sufficient to stay discovery in this action.

In *Patterson v. City of McComb, Mississippi*, the plaintiff opposed the automatic stay under Local Uniform Civil Rule 16(b)(3)(B) on the basis that his complaint asserted state law claims to which a qualified immunity defense did not apply – just as the plaintiff has argued here. *Patterson v. City of McComb, Mississippi*, 2018 WL 4471778, at *1. The court held the automatic stay "obviously include[d] discovery on claims unrelated to the immunity defense," noting that Rule 16(b)(3)(B) "contemplates that all discovery, including that pertaining to state law claims, be stayed." *Id*.

As noted by the plaintiff herein, while the legal analysis of probable cause as it relates to the separate claims against the individual defendants and Washington County, Mississippi, may differ, the facts on which these claims are based undoubtedly overlap. Allowing discovery even on the state law claims against the individual defendants would subject Washington County, Mississippi, to discovery in spite of its pending motion for judgment on the pleadings, which

could potentially immunize it from suit. *See Imani v. City of Baton Rouge*, 2018 WL 2208221, at *6–7 (M.D. La. May 14, 2018) (noting that allowing discovery to proceed against other defendants fails to consider the basic thrust of qualified immunity - to free officials from the concerns of litigation, including avoidance of disruptive discovery).

Accordingly, the attorney conference, disclosure requirements, and all discovery are stayed pending briefing and ruling on the motion for judgment on the pleadings. Further, under Local Uniform Civil Rule 16(b)(1)(C), the Case Management Conference currently set for January 13, 2023 (Docket 31) is continued and will be rescheduled within 60 days of an order lifting the stay. Counsel are directed to notify the undersigned within seven days of a ruling on the motion for judgment on the pleadings.

**SO ORDERED**, this the 4th day of January, 2023.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**